FILED
2017 Apr-20 AM 10:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| STEPHEN HAMMONDS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CASE NO.: 4:16-BE-1558-M |
| | ) |
| DEKALB COUNTY, AL, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This § 1983 case alleges violations of various constitutional rights as well as the Americans with Disabilities and is before the court on the Plaintiff's motion for reconsideration. (Doc. 30). Although the motion reflected that it was "unopposed" in its title, the Defendants' response clarifies that, although they did not object to the filing of the motion, they do indeed object to the motion's substance and oppose reinstating the claims that the court previously dismissed. (Doc. 31). The Plaintiff filed a reply. (Doc. 35).

For the reasons stated in this Memorandum Opinion, the court WILL GRANT IN PART AND DENY IN PART the motion. The court WILL GRANT the motion to the limited extent that the court WILL RECONSIDER its decision to dismiss WITH PREJUDICE the claims asserted in Counts II and III against the County and the other Defendants in their *official* capacities, and instead, will dismiss those claims WITHOUT PREJUDICE and provide the Plaintiff with an opportunity to amend those claims. The court WILL DENY the motion in all other respects.

1

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267-68 (N.D.Ala. 2006). A motion for reconsideration under Fed. R. Civ. P. 59 does not provide a mechanism for a dissatisfied party to re-litigate a matter. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"). The Eleventh Circuit has recognized two grounds for granting a Rule 59 motion: "[1] newly-discovered evidence or [2] manifest errors of law or fact." *Id.* at 1343 (quoting *In re Kellogg,* 197 F.3d 116, 119 (11th Cir. 1999)). Courts in this district have recognized that an intervening change in controlling law is also a ground for reconsideration and an exception to the law of the case doctrine. *See, e.g., Summit Medical Center of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (addressing a Rule 59 motion); *Oliver v. Orange Cty., Fla.,* 456 F. App'x 815, 818 (11th Cir. 2012) (listing the following exceptions to the law of the case doctrine, allowing a district judge to reconsider a prior ruling: "(1) new evidence; (2) an intervening change in the law that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice.").

In his motion, Mr. Hammonds does not present new evidence or an intervening change in the law, but merely asserts that reconsideration would "avoid a manifest injustice." (Pl.'s Br. Doc. 30, at 2). The court does not agree with Mr. Hammonds's position that dismissing Counts II and III results in manifest injustice. And, to the extent Mr. Hammonds merely disagrees with the court's rulings and asks for a second bite at the proverbial apple of justice, that request is not what Rule 59 is designed to address. *See Arthur*, 500 F.3d at 1343.

Mr. Hammonds asserts that, in dismissing Counts II and III, the court focused on the ODO Report as providing insufficient support for the allegations of discrimination based on disability but failed to acknowledge the additional allegations that DeKalb County and Officials Theakston, Harris, and Martin discriminated and retaliated against him because of his disability. The Complaint paragraphs he references (¶¶ 36, 56, 58, 65, 77, 85, 88, 95-105, 110-114, 116-134, 140) presented allegedly wrongful actions, such as the inability to access the automated medical kiosk and delay/denial of medical care, but provides no *facts* tying these allegedly wrongful actions to discrimination *because of his disability.* What Mr. Hammonds fails to acknowledge is that the Complaint does *not* allege *facts that non-disabled inmates had access to the medical kiosk* or that, *because of his disability*, he was otherwise denied access to inmate services, programs and activities *to which non-disabled prisoners had access*.

Put another way, allegations that the deprivations occurred, standing alone, do not state a plausible claim: they fail to include facts that show that the deprivations occurred because of his disability. Similarly, allegations reflecting that the deprivations were systemic and covered both disabled and non-disabled prisoners do not state a plausible claim that the deprivations occurred because of his disability. The court discussed this issue thoroughly in its January 25, 2017 opinion, and Mr. Hammonds's disagreement with the court's ruling does not provide grounds for reconsideration of its decision regarding the allegations in the current Complaint.

However, Hammonds's framing of this issue in his motion raises the question whether the problem was merely inartful wording or the failure in the original complaint to include sufficient facts that he could supply in an amended complaint. Accordingly, the court WILL GRANT the motion for reconsideration to this extent: the court WILL AMEND its dismissal of

3

the claims against the County and the individual Defendants in their *official* capacities in Count II and Count III from being WITH PREJUDICE to WITHOUT PREJUDICE and will give Mr. Hammonds an opportunity to file, if he so chooses, a more definite statement of those claims with *facts* supporting an allegation that the alleged discrimination and retaliation occurred *because of his disability.* If he does not do so within the time period provided, however, the court will again dismiss those claims with prejudice.

The court will not grant the motion for reconsideration for claims in Count II and III asserted against Defendants Harris, Theakston and Martin in their individual capacities, because only public entities may be liable under Title II of the ADA and § 504 of the Rehabilitation Act, and any amendment of those claims asserted against the individuals would be futile. *See* 42 U.S.C. § 12132 (stating that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity . . . .") & §12131 (defining "public entity" as "(A) any State or local government; [or] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government."[1]); *Edison v. Douberty,* 604 F.3d 1307, 1308 (11th Cir. 2010) ("Only public entities are liable for violations of Title II of the ADA."); *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005) (except for the additional requirement that the Defendant must be a recipient of federal funds, "[t]he standard for determining liability under the Rehabilitation Act is the same as the standard under the Americans with Disabilities Act. . . . ."); *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d Cir.

---

[1] The definition would also include the "National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1)(C).

2001) (affirming dismissal of complaint including ADA and RA claims, stating that "neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials."); *see also Owens v. Sec'y, Fla. Dep't of Corr.,* 602 F. App'x 475, 477-78 (11th Cir. 2015) (*per curiam*) (affirming dismissal of action against individual prison officials under ADA and RA "[s]ince only public entities may be liable under the ADA, Owens fails to state ADA claims against [prison officials] in their individual capacities" and because the standard for determining liability under the RA is the same as that under the ADA.); *Badillo v. Thorpe,* 158 F. App'x 206, 211 (11th Cir. 2005) (affirming the dismissal of individual capacity ADA and RA claims against an official, stating "there is no individual capacity liability under Title II of the ADA or RA.").

Having addressed the issues raised in Mr. Hammonds's motion, the court further notes that, in their response, the Defendants attempt to argue an issue on reconsideration that they did not argue in their motions to dismiss: that diabetes is not a disability within the meaning of the ADA. The County did not raise this issue in its motion to dismiss and accompanying brief, but rather, focused on arguments that dismissal was appropriate because the venue was improper and because its liability was limited to the duty to build, maintain and fund the jail. (Cty. Br. Docs. 10 & 20). The individual Defendants' initial brief specifically stated that they "do not challenge whether Type I Diabetes [ ] qualifies as a disability or handicap under the Acts." (Indiv. Defs.' Br. Doc. 12, at 8 n. 2). In their response to the motion to reconsider, all Defendants "rest upon the arguments previously asserted in their Motion to Dismiss [and accompanying briefs]"; then they also rely for the first time on the argument that diabetes is not a disability, challenging here what they specifically stated they were not challenging in their motion to dismiss. (Doc. 31).

5

Rule 59 does not provide a do-over and allow the parties an opportunity to raise arguments that they chose not to raise at first. The Eleventh Circuit has explained that "[a] Rule 59(e) motion cannot be used to . . . raise argument[s] . . . that could have been raised prior to" the ruling for which reconsideration is requested. *Arthur,* 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)).

In the instant case, the Defendants could have raised in their motion to dismiss the issue of whether Type I diabetes qualifies as a disability, but the individual Defendants specifically acknowledged that they did not do so, and the County ignored the issue altogether. Accordingly, the court will not address this argument for the first time on reconsideration of the motion to dismiss.

The court will enter a separate Order consistent with this Memorandum Opinion.

Dated this 20th day of April, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE