# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN HAMMONDS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT THEAKSTON & )<br>MATTHEW MARTIN, )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>4:16-cv-1558-KOB |

## MEMORANDUM OPINION

This matter comes before the court on Defendants Robert Theakston and Matthew Martin's Bill of Costs (doc. 107) and Plaintiff Stephen Hammonds's objection to the bill of costs (doc. 109). As explained below, part of Hammonds's motion is now moot. But the court will overrule the remaining objections.

Mr. Hammond suffers from type 1 diabetes mellitus. In September 2014, Mr. Hammonds was incarcerated in DeKalb County Corrections Center. Defendant Robert Theakston directed Hammonds's medical care during his incarceration and Defendant Matthew Martin was DeKalb's Chief Jail Administrator. Hammonds alleges that jail staff improperly administered his diabetes medication, causing the "diabetic peripheral neuropathy" from which he now suffers. In its prior opinion, this court granted summary judgment against Hammonds, finding that qualified

1

immunity shielded Theakston and Martin from suit. (Docs. 96, 97). The Eleventh Circuit later affirmed that ruling. (Doc. 105).

Defendants then filed their bill of costs (doc. 107), to which Hammonds objected (doc. 109). Hammonds claims (1) that the court should deny all costs to Defendants because of Hammonds's indigency; (2) that this court lacks statutory authority under 28 U.S.C. § 1920 to tax several of Defendants' claimed costs, including costs for subpoenas for medical records and costs related to deposition exhibits, transcript shipping, and processing; and (3) that Defendants may not seek travel expenses for their counsel. Defendants' response concedes the issue of travel costs and withdraws the request for those costs, (doc. 111 at 9), so that objection is now moot. But Defendants challenge the other objections.

## STANDARD OF REVIEW

A prevailing party may recover costs as a matter of course unless otherwise directed by the court or applicable statute. *See* Fed. R. Civ. P. 54(d). In the Eleventh Circuit, "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman v. Al Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). But Rule 54(d) establishes a *presumption* that costs are taxed against the losing party; "to defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Id.* In other words, the "denial of costs is in the nature of a

penalty for some defection on the prevailing party's part in the course of the litigation." *Id.* (quoting *Walters v. Roadway Express, Inc.*, 557 f.2d 521, 526 (5th Cir. 1977)).

The court may only tax costs as authorized by statute. *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Relevant to this case, statute provides that a party may recover "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4). The "necessarily obtained" element requires the court to consider whether the costs were "reasonably necessary" for use in the case. *W&O, Inc.*, 213 F.3d at 622.

## DISCUSSION

As stated above, Defendants concede that § 1920 does not entitle them to travel expenses, so the court will not tax those costs against Mr. Hammonds. The court now turns to Hammonds's other challenges.

### I.   Mr. Hammonds's Indigency

Mr. Hammonds argues that the court should deny *all* costs to Defendants because of his indigency. But the Eleventh Circuit has clearly stated, "Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, *a court may not*

3

*decline to award any costs at all.*" *Chapman*, 229 F.3d at 1039 (emphasis added). So the court will overrule Hammonds's objection insofar as he asks the court to award Defendants no costs.

Even so, the court "may" consider Hammonds's indigency as "a factor" in awarding costs, but only if Hammonds has provided "substantial documentation of a true inability to pay." *Chapman*, 229 F.3d at 1039 (requiring "clear proof of the non-prevailing party's dire financial circumstances"). In the cases that Hammonds cites where lower courts reduced costs on account of indigency, the plaintiffs were proceeding *in forma pauperis*. *See Washington v. Verizon Comms., Inc.*, No. 3:11-CV-29 (CDL), 2012 WL 2192171, *1 (M.D. Ga. June 14, 2012); *Barrington v. Lockheed Martin Corp.*, No. 6:05-cv-1601-Orl-KRS, 2007 WL 1303032, *6 (M.D. Fla. May 3, 2007). And those plaintiffs had provided extensive documentation of their *current* indigency at the time when the court imposed costs. *See Barrington*, 2007 WL 1303032 at *6 (plaintiff provided her own affidavit, friend's affidavit, two other statements, and loan and financial documents).

Here, Hammonds offers as evidence deposition testimony and affidavits describing that he has been unable to work full time. (Doc. 109 at 2). Hammonds allegedly suffered injuries at the hands of Defendants in 2014 when they withheld insulin needed to treat his Type I diabetes and he suffered diabetic ketoacidosis (DKA). Hammonds then testified in his July 2018 deposition that he could still

4

work as a welder with his former employer, albeit in a different role. (Doc. 82-45 at 31). But in a January 2019 affidavit, Hammonds swore that he had neuropathy with "ongoing pain" from injuries as a result of the DKA episode. (Doc. 91-2 at 7). At that time, Hammonds, his mother, and his older sister swore that, as a result of the pain, he could no longer work as a welder "full time." (Doc. 91-2 at 7; 91-3 at 4; 91-4 at 3). Notably, he did not testify that he does not do any work at all, either part or full time.

The court finds that this testimony does not present "substantial documentation of a true inability to pay." *Chapman*, 229 F.3d at 1039. Unlike the plaintiffs in his cited authority, Hammonds did not proceed *in forma pauperis* for this case. And it may be true that Hammonds's injuries prevented him from working *full time* as a welder in 2019. But the key inquiry regards current ability to pay, which is why *Chapman* requires Hammonds to provide "financial disclosures" or "documentation" of inability to pay. *See id.*; *Barrington*, 2007 WL 1303032 at *6. Hammonds has not done so. Further, the testimony that Hammonds provided does not indicate whether he could find other work—part time or full time—and for what compensation. And that testimony is over two years old now, so the court finds no "clear proof of [Hammonds]'s dire financial circumstances" at this time. *Chapman*, 229 F.3d at 1039.

Hammonds has not presented substantial evidence of his inability to pay that

overcomes the presumption that the court should award costs to Defendants. *See Chapman*, 229 F.3d at 1039. So the court both overrules Hammonds's objection on indigency grounds and declines to consider Hammonds's indigency as a factor against imposing costs.

## II.   Costs for Subpoenas for Medical Records

Defendants seek "medical record fees" that non-party Rapid Care charged to produce Mr. Hammonds's medical records pursuant to Defendants' subpoena. (Doc. 107-2 at 2). Hammonds argues that 28 U.S.C. § 1920 does not permit recovery of this cost. But the Eleventh Circuit has affirmed lower courts' granting costs for "service of subpoenas." *See Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 n.2 (11th Cir. 1985). So subpoena-related expenses are within the realm of § 1920's ambit. Further, the Eleventh Circuit has held that "'copies attributable to discovery' are a category of copies recoverable under § 1920(4)." *W&O, Inc.*, 213 F.3d at 623. Hammonds's medical records produced under subpoena were copies attributable to discovery. And Mr. Hammonds's cited authority, *Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921 (M.D. Fla. Apr. 26, 2010), does not actually discuss subpoena-related costs. So the court will overrule Hammonds's objection as to the "medical record fees."

## III.   Costs Related to Depositions

6

Mr. Hammonds argues that § 1920 does not permit Defendants to recover the cost of deposition transcripts, as well as "charges for shipping, exhibit scanning, disk copies and mini-scripts." (Doc. 109 at 7). The court disagrees, so the court will address each challenge.

This court may only tax costs as authorized by statute, and § 1920 provides that a party may recover "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4).

An initial question is whether Defendants seek costs for items "necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4). In the Eleventh Circuit, deposition-related costs satisfy the "necessarily obtained" requirement if the deponent appeared on the opposing party's witness list, or when the prevailing party relied upon the depositions in filings such as summary judgment motions. *See W&O, Inc.*, 213 F.3d at 621. Here, Defendants' costs relate to deposition of persons that Hammonds named in his initial disclosure witness list, and Defendants relied on those depositions in their motion for summary judgment. *See* (docs. 82, 111-1, 111-2). So the court finds that all the challenged costs meet § 1920's "necessarily obtained" requirement.

As to the costs of deposition transcripts, the statute states that parties may

recover the costs of "electronically recorded transcripts." 28 U.S.C. § 1920(2). Unsurprisingly, the Eleventh Circuit has affirmed costs for deposition transcripts. *See W&O, Inc.*, 213 F.3d at 621. So the court will overrule Mr. Hammonds's objection as to the cost of deposition transcripts.

As to shipping costs for deposition transcripts, the Eleventh Circuit has stated that courts may tax "costs *associated with* the depositions." *W&O, Inc.*, 213 F.3d at 621 (emphasis added) (citation omitted). The question remains unsettled as to whether transcript shipping costs fall in that category. *Compare Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (affirming costs for the shipping of deposition transcripts) *with Gary Brown & Assoc., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 845 (11th Cir. 2008) ("Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable."); *see also Rodriguez v. Marble Care Intern., Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012 ("[T]ranscript shipping and handling costs are *not* recoverable."). This court finds that shipping costs are costs "associated with" the depositions. *See W&O, Inc.*, 213 F.3d at 621. It would be an odd rule that would permit the taxing of costs for the deposition transcript, while excluding costs to send that transcript to the prevailing party. So the court will overrule Hammonds's objection as to deposition transcript shipping costs.

As to the cost for scanning deposition exhibits, lower courts generally

8

permit such costs. *See Rodriguez*, 862 F. Supp. 2d at 1320 (permitting deposition exhibit costs); *Crouch v. Teledyne Cont'l Motors, Inc.*, No. CIV.A. 10-00072-KD-N, 2013 WL 203408, at *9 (S.D. Ala. Jan. 17, 2013) (finding that costs of deposition exhibits were recoverable "in view of the complex issues, the number of expert witnesses deposed, and the volume of documents produced"). Likewise, this court finds that deposition exhibit costs fall in the category of "costs associated with the depositions" under § 1920(4). *See W&O, Inc.*, 213 F.3d at 621. Hammonds's contrary authority makes no reference to § 1920 or the Eleventh Circuit's interpretation of that law. *See Responsible Me, Inc. v. Evenflo Co., Inc.*, No. 06-61736-cv, 2009 WL 528247, *8 (S.D. Fla. Mar. 2, 2009). So the court finds that case to have little persuasive value. The court will overrule Hammonds's objection as to these costs.

As to condensed "mini-scripts" from the depositions, the court finds authority to tax these costs in the statute's provision for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Eleventh Circuit has stated that this provision applies to "copies of deposition transcripts." *See Watson*, 492 F. App'x at 997 (citing *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963)). And mini-scripts are nothing more than "copies of deposition transcripts," in a condensed form. So the court finds that § 1920(4) permits costs of mini-scripts of deposition

9

transcripts. *See Rodriguez*, 862 F. Supp. 2d at 1320 (awarding costs for condensed transcripts). The court will overrule Hammonds's objection as to these costs.

## CONCLUSION

The court will find that Mr. Hammonds's objection to the costs of Defendants' counsel's travel, lodging, and mileage is moot because Defendants withdrew their request for those costs. The court will subtract these costs from the total that Defendants originally sought. (Doc. 107-4).

But Mr. Hammonds has not met his burden to overcome the presumption that the court should impose all other costs to the prevailing party. *See Chapman*, 229 F.3d at 1039. So the court will overrule Hammonds's objections based on his indigency, his objections to the medical records subpoena costs, and his objections to the deposition-related costs.

Defendants originally sought $10,336.09 in costs. The court will subtract the amount for travel costs—$4,820.74. So by a separate order, the court will direct the clerk to tax $5,515.35 in costs against Mr. Hammonds and in favor of the Defendants.

**DONE** and **ORDERED** this 17th day of December, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE

10